Horst Erhart **VON SCHMITT,** Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20854.

United States Court of Appeals
Ninth Circuit.

Oct. 3, 1966.

---

Rex A. Jemison, Las Vegas, Nev., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Michael DeFeo, Asst. U.S. Attys., Las Vegas, Nev., for appellee.

Before CECIL,* KOELSCH and ELY, Circuit Judges.

PER CURIAM.

Horst Erhart Von Schmitt, appellant herein, was indicted in the United States District Court for the District of Nevada on a one-count indictment charging him with transporting a stolen 1959 Volkswagen motor vehicle from Phoenix, Arizona, to Clark County, Nevada, in violation of Section 2312, Title 18, U.S.C. He waived trial to a jury and was tried to the court. The trial judge found him guilty and sentenced him to five years' imprisonment. This appeal followed.

The appellant was arrested on May 18, 1965, by Robert Eugene Kelley, a detective from the sheriff's office of Clark County, Nevada. He was held in the county jail until the afternoon of May 20, at which time he was interviewed in the jail by Claude W. Roberts III, a Special Agent of the Federal Bureau of Investigation. Mr. Roberts advised the appellant of his rights.[1] The appellant stated that he understood his rights as advised by Mr. Roberts, and that he was willing to discuss the matter of the stolen automobile with Mr. Roberts but that he did not wish to furnish a signed statement. The appellant then made a detailed statement of his connection with the stolen automobile. Thereafter he was arrested on a federal warrant, taken before a commissioner and held for trial.

At the trial, over the objection of appellant's appointed counsel, Agent Roberts was permitted to testify to the oral confession of the appellant. The principal question on this appeal is whether the trial judge erred in admitting the confession into evidence when the appellant was not advised prior to being questioned that he had a right to have counsel appointed for him, if he were unable to employ counsel of his own choosing.

Counsel for the appellant urges that under the doctrine of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, the confession was inadmissible. The appellant did not request counsel and he was not denied counsel. We conclude that Escobedo is not applicable to the facts of this case.

In Miranda v. State of Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, the court said:

"Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or *appointed.*" (Emphasis added.)

Until its decision in *Miranda,* the Supreme Court had not spelled out the requirement that a warning or admonition given prior to an in-custody interrogation must advise an indigent subject that he is entitled to have a lawyer appointed by the court to represent him before submitting to questioning.

---

* Lester L. Cecil, Senior Circuit Judge, Sixth Circuit sitting by designation.

1. "When I first met Mr. Von Schmitt in the the interview room, I identified myself as a special agent with the Federal Bureau of Investigation, and I told him that I wished to discuss with him a matter concerning a 1959 Volkswagen, and I wanted to talk with him concerning his knowledge of this matter. And at that time I prefaced my interview by telling him that he did not have to speak to me concerning this matter, or anything else, and that he had the right to speak with an attorney or anyone else of his choice prior to making any statements."

In Johnson v. State of New Jersey, 384 U.S. 719, 721, 86 S.Ct. 1772, 16 L.Ed.2d 882, the court held that neither the *Escobedo* nor *Miranda* rules should be applied retroactively. The *Miranda* opinion was announced on June 13, 1966, over a year after the interrogation which is here involved.

Under the law as it existed at the time he was questioned the appellant was properly advised of his rights, and his confession was voluntary.

Affirmed.